IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

MISC 07 006

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff<br>v.<br>PROSPERITAS INVESTMENT PARTNERS, LP<br>Defendant | Civ. Action No. 3:06CV-655-H<br>*Filed Electronically* |

CONSENT ORDER

Before this Court is the Complaint by the United States of America, on behalf of the United States Small Business Administration ("SBA"), for a preliminary and permanent injunction and the appointment of the SBA as Permanent Receiver for Prosperitas Investment Partners, LP ("Prosperitas"). The Court, being fully advised in the merits and having been informed that Prosperitas does not challenge entry of this Order,

**IT IS HEREBY ORDERED, ADJUDGED AND DECREED:**

1. Pursuant to the provisions 15 U.S.C. § 687c, this Court hereby takes exclusive jurisdiction of Prosperitas Investment Partners, L.P. and all of its assets and property, of whatever kind and wherever located, and the United States Small Business Administration ("SBA") is hereby appointed Receiver of Prosperitas ("Receiver") to serve without bond until further order of this Court. The Receiver is appointed for the purpose of marshaling and liquidating all of Prosperitas's assets and satisfying the claims

of creditors therefrom in the order of priority as determined by this Court. The Receiver is also authorized to sell or transfer the interest of SBA, the federal agency, and/or other limited partners in the Fund, provided the Receiver has obtained the express written consent of the parties whose interest is to be sold or transferred.

2. The Receiver shall assume and control the operation of Prosperitas and shall pursue and preserve all of its claims. The Receiver shall have all powers, authorities, rights and privileges heretofore possessed by the officers, directors, managers and general and limited partners of Prosperitas under applicable state and federal law, by the Agreement of Limited Partnership, and Charter and/or By-Laws of said limited partnership, in addition to all powers and authority of a receiver at equity, and all powers and authority conferred upon the Receiver by the provisions of 15 U.S.C. § 687c and 28 U.S.C. § 754. The trustees, directors, officers, managers, employees, investment advisors, accountants, attorneys and other agents of Prosperitas are hereby dismissed and the powers of any general partners are hereby suspended. Such persons and entities shall have no authority with respect to Prosperitas operations or assets, except to the extent as may hereafter be expressly granted by the Receiver. The former management and any former employees or agents of Prosperitas dismissed by this Order may, at the Receiver's discretion, be retained by the Receiver to assist the Receiver with any activities the Receiver deems necessary and appropriate. Such former managers, employees or agents may be compensated for such activities, as approved by the Receiver, from the receivership estate

3.. The Receiver is entitled to take immediate possession of all assets, bank accounts or other financial accounts of Prosperitas in its possession, and all books and

records and all other documents or instruments relating to Prosperitas. The past and/or present general partner(s), managers, management company, officers, directors, agents, trustees, attorneys, accountants, and employees of Prosperitas, as well as all those acting in their place, are hereby ordered and directed to turn over to the Receiver forthwith all books, records, documents, accounts and all other instruments and papers of and relating to Prosperitas and all of Prosperitas's assets and all other assets and property of the limited partnership, whether real or personal, in their possession. Prosperitas Partners, LP shall furnish a written statement within fifteen (15) days after the entry of this Order, listing the identity, location and estimated value of all assets of Prosperitas, a list of all agents, employees (and job titles thereof), other personnel, attorneys, accountants and any other agents or contractors of Prosperitas, as well as the names, addresses and amounts of claims of all known creditors of Prosperitas. Within thirty (30) days following the entry of this Order, Prosperitas Partners, LP, shall also furnish a written report describing all assets. The Receiver understands that certain records are contained in commercial storage, and Prosperitas shall give the Receiver such keys or information necessary to obtain those records. All persons and entities having control, custody or possession of any assets or property of Prosperitas are hereby directed to turn such assets and property over to the Receiver.

4. The Receiver shall promptly give notice of its appointment to all known general partner(s) , managers, management companies, officers, directors, agents, employees, shareholders, creditors, debtors, and limited partners of Prosperitas, as the Receiver deems necessary or advisable to effectuate the operation of the receivership. All persons and entities owing any obligation, debt, or distribution with respect to a

partnership interest to Prosperitas shall, until further ordered by this Court, pay all such obligations in accordance with the terms thereof to the Receiver and its receipt for such payments shall have the same force and effect as if Prosperitas had received such payments.

5. The Receiver is hereby authorized to open such Receiver's bank accounts, at banking or other financial institutions, to extend credit on behalf of Prosperitas, to utilize SBA personnel, and to employ such other personnel as it may deem necessary to effectuate the operation of the receivership including, but not limited to, attorneys, accountants, consultants and appraisers, and is further authorized to expend receivership funds to compensate such personnel in such amounts and upon such terms as the Receiver shall deem reasonable in light of the usual fees and billing practices and procedures of such personnel. The Receiver is not required to obtain Court approval prior to the disbursement of receivership funds for payments to personnel employed by the Receiver or for expenses that the Receiver deems advantageous to the orderly administration and operation of the receivership. In addition, the Receiver is authorized to reimburse SBA for travel expenses incurred by SBA personnel in the establishment and administration of the receivership. The Receiver may, without further order of this Court, transfer, compromise, or otherwise dispose of any claim or asset in the ordinary course of business, with the exception of the following assets: (1) real estate; (2) Prosperitas's investment in MedVentures Technology Corporation; (3) Prosperitas's investment in Antisoma PLc; and (4) any asset where the anticipate recovery is estimated to be over $1million. The Receiver will also obtain Court approval for any sale,

liquidation or transfer of Prosperitas's entire portfolio of assets or the sale or transfer of the interests of SBA, the federal agency, and/or other limited partners in Prosperitas.

6. Prosperitas's past and/or present general partners, managers, management companies, officers, directors, agents, attorneys, shareholders, employees, accountants, debtors, creditors, managers, limited partners and any other appropriate persons or entities (including without limitation, the defendant's portfolio of small business concerns and financial institutions doing business with defendant and/or defendant's portfolio of small business concerns) shall answer under oath to the Receiver all questions which the Receiver may put to them and produce any documents as required by the Receiver regarding the business of said limited partnership, or any other matter relevant to the operation or administration of the receivership or the collection of funds due to Prosperitas. In the event that the Receiver deems it necessary to require the appearance of the aforementioned persons or entities, the Receiver shall make its discovery request(s) in accordance with the Federal Rules of Civil Procedure.

7. The parties to any and all civil legal proceedings of any nature, including, but not limited to, bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other actions of any nature involving the Receiver for Prosperitas, Prosperitas or any assets of Prosperitas, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or involving any of Prosperitas's past or present general partners, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether sued as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are enjoined from commencing or continuing any such legal

proceeding or from taking any action in connection with any such proceeding or any such asset.

8. All civil legal proceedings of any nature, including but not limited to bankruptcy proceedings, arbitration proceedings, foreclosure actions, default proceedings, or other action of any nature involving the Receiver for Prosperitas, Prosperitas or any assets of Prosperitas, including subsidiaries and partnerships, wherever located, and excluding the instant proceeding, or any of Prosperitas's past or present general partners, managers, management companies, officers, directors, agents, or limited partners sued for, or in connection with, any action taken by them while acting in such capacity, whether as plaintiff, defendant, third-party plaintiff, third-party defendant, or otherwise, are stayed in their entirety, and all Courts having any jurisdiction thereof are enjoined from taking or permitting any action until further Order of this Court.

9. Prosperitas and its past and/or present general partners, managers, management companies, directors, officers, limited partners, agents, employees or other persons or entities acting in concert or participating therewith are hereby prohibited and enjoined from either directly or indirectly taking any actions or causing any such action to be taken which would (a) dissipate the assets and/or property of Prosperitas to the detriment of Prosperitas or of the Receiver appointed in this cause, including, but not limited to, destruction of corporate records, or (b) violate the Small Business Investment Act of 1958, as amended, 15 U.S.C. § 661 et seq., or the regulations promulgated thereunder, ("Regulations"), 13 C.F.R. § 107.1 et seq.

10. The Receiver is authorized to borrow on behalf of Prosperitas, from the SBA, up to $1,000,000 and is authorized to cause Prosperitas to issue Receiver's

Certificates of Indebtedness in the principal amounts of the sums borrowed, which certificates will bear interest at or about 10 percent per annum and will have a maturity date no later than 18 months after the date of issue. Said Receiver's Certificates of Indebtedness shall have priority over all other debts and obligations of Prosperitas, excluding administrative expenses of the Receivership, whether currently existing or hereinafter incurred, including without limitation any claims of general or limited partners of Prosperitas.

11. This Court determines and adjudicates that Prosperitas is in a condition of Capital Impairment, as that term is defined in 13 C.F.R. § 107.1820, and that SBA is entitled to the relief requested in its complaint. After completing its activities in accordance with this Order, the Receiver may request and recommend that Prosperitas's license as an SBIC be revoked.

**AGREED TO AND ACKNOWLEDGED:**

United States Small Business Administration

By: ______________________

Thomas G. Morris, Director 12.19.06

Office of Liquidation

**PROSPERITAS INVESTMENT PARTNERS, LP**

Prosperitas Partners, LP

By: Steven Bing, its

**SO ORDERED**

this __ January 4, 2007 in Louisville, Kentucky.

John G. Heyburn II
Chief Judge, U.S. District Court