**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF KENTUCKY**
**AT LOUISVILLE**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | MISC 07 006 ML |
| **Plaintiff** | ) | |
| **v.** | ) | **Civ. Action No.** 3:06CV-655-H |
| **PROSPERITAS INVESTMENT PARTNERS, LP,** | ) | ***Filed Electronically*** |
| **Defendant** | ) | |

**COMPLAINT FOR RECEIVERSHIP AND INJUNCTION**

COMES NOW Plaintiff, the United States of America, on behalf of its agency, the Small Business Administration, and for its cause of action states as follows:

**PARTIES, JURISDICTION AND VENUE**

1. This is a civil action brought by the United States on behalf of its agency, the Small Business Administration (hereinafter, "SBA," "Agency" or "Plaintiff"), whose central office is at 409 Third Street, S.W., Washington, DC 20416.

2. Jurisdiction is conferred on this Court by virtue of the Small Business Investment Act of 1958, as amended (hereinafter, the "Act"), Sections 308(d), 311, and 316; 15 U.S.C. §§ 687(d), 687c, 687h; the Small Business Act, 15 U.S.C. § 634(b)(1); and 28 U.S.C. § 1345.

3. Defendant, Prosperitas Investment Partners, L.P. (hereinafter "Prosperitas" or "Licensee"), is a Delaware limited partnership that maintains its principal place of business at 4229 Bardstown Road, Suite 315, Louisville, Kentucky 40218. Venue is therefore proper under 15 U.S.C. §§ 687(d), 687h and 28 U.S.C. § 1391(b).

4. Prosperitas was licensed by SBA as a Small Business Investment Company ("SBIC") pursuant to Section 301(c) of the Act, 15 U.S.C. § 681(c) on June 29, 2000, SBA License No. 04/74-0283, solely to do business under the provisions of the Act and the regulations promulgated thereunder.

5. Prosperitas's general partner is Prosperitas Partners, LP ("PPLP"). PPLP's general partner is Prosperitas, Inc., a Delaware corporation.

6. Section 308(c) of the Act, 15 U.S.C. § 687(c), empowers SBA to prescribe regulations to carry out the provisions of the Act and to govern the operations of SBICs. SBA has duly promulgated such regulations, which are codified at Title 13 of the Code of Federal Regulations, Part 107 (the "Regulations").

7. Item 8(a) of Prosperitas's SBIC License Application contains an acknowledgement by Prosperitas, through its general partner, that Prosperitas would be operated in accordance with the Act and the Regulations at all times.

8. Prosperitas's Agreement of Limited Partnership expressly incorporates, via amendment, SBA Annex PS, Version 3.0, Provisions for Preferred Limited Partnership Interests, including without limitation Section 2.01 which provides that Prosperitas is subject to the Regulations.

9. Section 303 of the Act, 15 U.S.C. § 683, authorizes SBA to provide financing to licensed SBICs.

10. Pursuant to Section 303 of the Act, 15 U.S.C. § 683, SBA provided funds to Prosperitas through the purchase and/or guaranty of the following Participating Securities, a form of Leverage, as those terms are defined under the Regulations, in the total amount of $19,915,000:

a. Loan No. 02034351-00 in the amount of $5,265,000 disbursed August 11, 2000;
b. Loan No. 02034352-09 in the amount of $3,400,000 disbursed June 15, 2001;
c. Loan No. 02034353-07 in the amount of $3,000,000 disbursed July 25, 2001;
d. Loan No. 02034354-05 in the amount of $4,000,000 disbursed October 16, 2001;
e. Loan No. 02034355-03 in the amount of $2,750,000 disbursed November 15, 2002;
f. Loan No. 02034356-01 in the amount of $1,500,000 disbursed July 11, 2003.

As of October 8, 2004, there is also an accrued prioritized payment amount, as that term is defined in the Regulations, of $3,920,865 outstanding.

11. As of June 30, 2006, Prosperitas owed SBA an additional $435,000 in follow-on investment leverage.

12. The Participating Securities described in paragraph 10, above, are expressly subject to and incorporated by reference in the Regulations, including but no limited to the provision of 13 C.F.R. §§ 107.1820-1850 and § 107.507.

13. Section 308(d) of the Act, 15 U.S.C. § 687(d), provides that upon determination and adjudication of noncompliance or violation of the Act or the Regulations, all of the rights, privileges and franchises of a Licensee such as Prosperitas may be forfeited and the company may be declared dissolved.

14. Section 311 of the Act, 15 U.S.C. § 687c, provides that upon a determination by SBA that if a Licensee such as Prosperitas, or any other person, has engaged in or is about to engage in any acts or practices which constitute or will constitute a violation of the Act or of any Rule or Regulation promulgated pursuant to the Act, or of any order issued under the Act, then SBA may make application for an injunction, and such Court shall have jurisdiction of such action and grant a permanent or

temporary injunction, or other relief without bond, upon a showing that such Licensee has engaged in or is about to engage in any such acts or practices. The Court is authorized to appoint SBA to act as receiver for such Licensee.

## COUNT ONE

## CAPITAL IMPAIRMENT

15. Paragraphs 1 through 14 are incorporated herein by reference.

16. SBA determined that Prosperitas had a condition of Capital Impairment of 105.97% as of June 30, 2004.

17. Among other requirements, the Regulations, 13 C.F.R. § 107.1830(c)(2), require that an SBIC such as Prosperitas maintain a Capital Impairment Percentage, as that term is defined in the Regulations, not exceeding 85% of Regulatory Capital.

18. Pursuant to Section 107.1850(a), for the first 48 months after the first Participating Security is issued, a Licensee's maximum impairment ratio is 85%.

19. As of June 30, 2004, SBA determined that Prosperitas had a Capital Impairment ratio of 105.97%, which exceeded the maximum allowable Capital Impairment Percentage under Section 107.1830( c)(2) as well as Section 107.1850(a).

20. By letter dated September 24, 2004, SBA notified Prosperitas that its condition of capital impairment had to be cured within fifteen days of the date of the letter, or by October 11, 2004, or SBA would place Prosperitas into Restrictive Operations and imposing Restrictive Operation Remedies pursuant to 13 C.F.R. § 107.1820(f).

21. Prosperitas failed to cure its condition of capital impairment within the prescribed time. Consequently, SBA placed Prosperitas into Restrictive Operations and imposed Restrictive Operation Remedies pursuant to 13 C.F.R. § 107.1820(f). As of March 31, 2006, Prosperitas continues to have a condition of Capital Impairment ratio over 100%.

22. Prosperitas's failure to cure its condition of Capital Impairment is a violation of § 107.1830(b) of the Regulations, which violation has not been cured to date.

23. As a consequence of Prosperitas's continuing violation of 13 C.F.R. § 107.1830(b) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. § 687(d).

**COUNT TWO**

**NON-PERFORMANCE WITH TERMS OF LEVERAGE**

24. Paragraphs 1 through 23 are incorporated herein by reference.

25. Prosperitas's non-compliance with its terms of Leverage under 13 C.F.R. § 107.1830(b) is also a violation of Section 13 C.F.R. § 107.507(a) of the Regulations for nonperformance of the terms of its Participating Securities.

26. Each Participating Securities instrument issued by Prosperitas specifically incorporate the terms of the Regulations. Thus, a violation of any regulation, including exceeding the maximum capital impairment percentage, is a violation of the terms of the Participating Securities.

27. SBA has determined that Prosperitas is not in compliance with its terms of Leverage due to its uncured condition of Capital Impairment and is therefore in violation of 13 C.F.R. § 507(a).

28. As a consequence of Prosperitas's continuing violation of 13 C.F.R. § 507(a) of the Regulations, SBA is entitled to the injunctive relief provided under the Act, 15 U.S.C. §§ 687(d) and 687c, including the appointment of SBA as Receiver of Prosperitas.

**PRAYER FOR RELIEF**

**WHEREFORE,** Plaintiff prays as follows:

A. That injunctive relief, both preliminary and permanent in nature, be granted restraining Prosperitas, its past or present general partner(s), managers, management company, directors, officers, agents, employees, and other persons acting in concert or participation therewith from: (1) making any disbursements of Prosperitas's funds; (2) using, investing, conveying, disposing, executing or encumbering in any fashion any funds or assets of Prosperitas, wherever located; and (3) further violating the Act or the Regulations promulgated thereunder.

B. That this Court determine and adjudicate Prosperitas's noncompliance with and violation of the Act and the Regulations promulgated thereunder.

C. That this Court, pursuant to 15 U.S.C. § 687c, take exclusive jurisdiction of Prosperitas and all of its assets, wherever located, appoint SBA as receiver of Prosperitas for the purpose of marshaling and liquidating the assets of Prosperitas and satisfying the claims of creditors as determined by the Court, and such other relief as contained in the Proposed Order filed herewith.

D. That this Court grant such other relief as may be deemed just and proper.

Respectfully submitted,

DAVID L. HUBER
UNITED STATES ATTORNEY

William F. Campbell
Assistant U.S. Attorney
510 West Broadway, 10th Floor
Louisville, Kentucky 40202
(502) 582-6773
Fax: (502) 625-7110

Dated: 12/21/06

Of Counsel

ARLENE M. EMBREY
Trial Attorney
Office of General Counsel
U.S. Small Business Administration
409 Third Street, S.W. Seventh Floor
Washington, D.C. 20416
Telephone: (202) 205-6976
Facsimile: (202) 481-0324